THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Herber E. Mixson, Appellant.
 
 
 

Appeal From Hampton County
 Alexander S. Macaulay, Circuit Court 
 Judge

Unpublished Opinion No.  2005-UP-042
Submitted December 1, 2004  Filed January 
 18, 2005

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Pachak, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, 
 Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney 
 General Harold M. Coombs, Jr., all of Columbia; and Solicitor Randolph Murdaugh, 
 III, of Hampton, for Respondent.
 
 
 

PER CURIAM:  The issue on appeal is whether a magistrate exceeded her 
 authority by imposing fines, administrative fees, and court costs when she sentenced 
 a defendant to consecutive jail terms exceeding 90 days on fraudulent check 
 charges.  We affirm. [1] 
FACTS/PROCEDURAL BACKGROUND
On October 21, 2002, Herber E. Mixson was sentenced in magistrates 
 court to 44 consecutive 30-day sentences on fraudulent check charges.  After 
 serving the first three sentences, Mixson had the option of avoiding further 
 incarceration by paying the amount of the checks plus fines, assessments, administrative 
 costs, and service charges totaling $166 per warrant and conviction. 
Mixson appealed to the circuit court, contending that, under South 
 Carolina Code section 22-3-550(B), the magistrate was required to set an amount 
 of restitution in lieu of any sentence over 90 days and this amount could not 
 include court costs, assessments, and fines. [2]   The circuit court affirmed the 
 magistrates sentences.
Pursuant to Anders v. California, 
 [3] Mixsons appellate counsel filed an appeal and a petition to be relieved 
 as counsel.  This court denied counsels petition to be relieved and ordered 
 the parties to brief the issues of whether the magistrate violated section 22-3-550(B) 
 by (1) ordering Mixson to serve consecutive jail terms exceeding 90 days or 
 pay fines in addition to restitution, and (2) ordering Mixson to serve consecutive 
 jail terms exceeding 90 days or, in the alternative, to pay administrative fees 
 and costs in addition to restitution.
LAW/ANALYSIS
During oral argument before the circuit court and in his appeal to 
 this court, Mixson argued that the language in section 22-3-550(B) requiring 
 a magistrate to specify an amount of restitution in damages at the time of 
 sentencing as an alternative to any imprisonment of more than ninety days which 
 is lawfully imposed precludes a magistrate from fining, assessing, or charging 
 a defendant after the first three offenses. [4]   We disagree.  
Nothing in section 22-3-550(B) limits a magistrates authority to levy fines, 
 assessments, and court costs on defendants who receive three or more consecutive 
 sentences for fraudulent check violations.  This section does not specify that 
 restitution is to be the sole consequence of an alternative to imprisonment 
 of more than 90 days; rather, it merely requires magistrates to grant persistent 
 fraudulent check offenders the opportunity to shorten the time they must spend 
 in confinement.
We further agree with the circuit court that section 22-3-550 must 
 be read in pari materia with other statutes that address the jurisdiction 
 of the magistrates court over fraudulent check charges. [5]   In particular, South Carolina Code section 
 34-11-90 provides that a fraudulent check charge must be tried exclusively 
 in magistrates court if the amount of the instrument is $1,000 or less. 
 [6]   
Paragraph (a) of section 34-11-90 sets minimum and maximum fines for a magistrate 
 to impose for fraudulent check convictions if the offender is not sentenced 
 to imprisonment. [7]   Under paragraph (d) of this 
 section, a defendant convicted of drawing and uttering a fraudulent check or 
 other instrument shall pay in addition to the fine all reasonable court 
 costs accruing, not to exceed forty-one dollars. [8]   
Similarly, section 14-1-207(A) mandates that a person who is convicted of, 
 pleads guilty or nolo contendere to, or forfeits bond for an offense tried in 
 magistrates court must pay an amount equal to 100 percent of the fine 
 imposed as an assessment. [9] 
Considering all these statutes together, as we must, we hold the requirement 
 in section 22-3-550 for a magistrate to specify an amount of restitution as 
 an alternative to any imprisonment of more than 90 days does not restrict the 
 authority of the magistrate to order payment of fines, assessments, and court 
 costs in these cases.  Indeed, to hold otherwise would undermine the legislative 
 mandate that these surcharges be imposed.
AFFIRMED.
HEARN, C.J., GOOLSBY and WILLIAMS, JJ., concur.

 
 [1]   Because oral argument would not aid the court 
 in resolving the issues on appeal, we decide this case without oral argument 
 pursuant to Rule 215, SCACR.

 
 [2]   See S.C. Code Ann. § 22-3-550(B) (Supp. 
 2004) (concerning time limitations for consecutive sentences imposed by magistrates).

 
 [3]   386 U.S. 738 (1967).

 
 
 [4]   S.C. Code Ann. § 22-3-550(B) (Supp. 2004).  Mixson conceded the 
 magistrate could require him to pay the amounts of the fraudulent checks and 
 up to a $25 service charge per check as restitution.  See id. 
 § 34-11-70(a)(3) (Supp. 2004) (providing for a service charge solely to compensate 
 the payee of [a fraudulent] instrument for incurred expenses in processing 
 the dishonored instrument).  The legislature amended this section in 2002 
 to increase the maximum amount of the charge to $30.

 
 
 [5]   See Grant v. City of Folly Beach, 346 S.C. 74, 79, 
 551 S.E.2d 229, 231 (2001) (stating that statutes dealing with the same subject 
 should be construed together to produce a harmonious result).

 
 [6]   S.C. Code Ann. § 34-11-90 (Supp. 2004) (emphasis 
 added).

 
 [7]   Id. § 34-11-90(a)(1) through (4).  The 
 ranges of the fines vary according to the amount of the instrument and whether 
 the conviction is a first conviction or a second or subsequent conviction.

 
 [8]   Id. § 34-11-90(d) (emphasis added).

 
 [9]   Id. § 14-1-207(A) (emphasis added).